HARDY, Judge.
This is an action, ex contractu, in which plaintiff prayed for specific performance of a contract with defendant, and, alternatively, for damages by reason of the breach thereof. By reconventional demand defendant prayed for judgment dissolving an alleged sale of corporate stock on the ground of non-payment of the purchase price. From judgment in favor of plaintiff ordering specific performance and impliedly rejecting defendant’s demand, the latter has appealed.
Defendant, engaged in farming operations in Morehouse Parish, was the owner of a tract of 974 acres of farmland principally devoted to growing rice and soy beans. The property was subject to two mortgages securing an aggregate principal indebtedness of approximately $122,000.00. By stipulation of the parties the value of the property was fixed at $200.00 per acre.
Early in the year 1964 defendant solicited a mortgage loan from plaintiff, and after some negotiation the parties executed an agreement dated February 21, 1964, which embraced the following material provisions:
The parties to the agreement (plaintiff and defendant in this suit) agreed to organize a Louisiana business corporation in which each party was to own approximately 50% of the stock; plaintiff, Muller, agreed to lend the defendant, Morgan, $25,000.00, as security for which Morgan obligated himself to pledge his stock in the corporation; .defendant, Morgan, agreed to convey to the corporation title to the 974-acre tract of farmland; the parties fixed Morgan’s equity in the farm tract at $20,000.00 and agreed that Muller would pay to the corporation $10,000.00 in cash, which, in turn, would be paid by the corporation to Morgan upon his transfer of title to the property.
On the date of the agreement, February 21, 1964, plaintiff complied with his obligation to lend defendant $25,000.00 for which he received as security a third mortgage on the 974-acre tract of land involved.
On February 28, 1964, the corporation, Shiloh, Inc., was formed with an authorized capital stock structure of 200 shares of a par value of $100.00 each. Contemporaneous with the formation of the corporation, 197 shares of the capital stock was issued in the name of defendant, one share in the name of plaintiff, and two shares in the name of defendant’s attorney. Defendant’s 197 shares of stock were then pledged to plaintiff as security for the $25,000.00 loan previously made.
On March 13, 1964, defendant transferred title to the 974-acre tract of land to Shiloh, Inc.
From the above factual recapitulation it is to be observed that some, but not all of the respective obligations of the parties to the original agreement were performed, for example, plaintiff had made the loan of $25,000.00, albeit, at a time prior to the organization of the corporation, and defendant had pledged his stock in the newly organized corporation to plaintiff as security for the loan. Not contemplated by the agreement, but apparently without any material relevancy or bearing, is the fact that the loan was also secured by a third mortgage on the property. Some of the conditions of the original contract were not fulfilled, that is, plaintiff did not make payment of the $10,000.00 cash representing the value of his 50% interest in the stock of the corporation, and plaintiff did not receive “approximately” 50% of the authorized capital stock of the corporation as all of the stock, with the exception of three shares, was issued in the name of defendant.
On or about June 11, 1964, defendant made a request for payment of the $10,-000.00, and in compliance therewith plaintiff caused to be issued to defendant a check of Pioneer, Inc., a farm supply corporation in which plaintiff was one of the principal stockholders, in the amount of $3,000.00, which was received and accepted by defendant. The chief dispute between the parties developed with reference to the pay *97 ment of the balance of $7,000.00 for which plaintiff was obligated. It is contended by plaintiff that the defendant agreed to accept credit for farm supplies purchased and to be purchased from Pioneer, Inc., to the extent of $7,000.00 in lieu of cash. This asserted agreement is strenuously denied by defendant. The controversy between the parties on this point represents the salient factual question presented on trial and appeal.
On trial of the case the plaintiff satisfactorily proved his contention that defendant had agreed to accept credit from Pioneer, Inc. The factual findings of the district judge on this point were set forth in his written reasons for judgment as follows :
“Morgan testified that shortly after his request for money that $3000 was given to him and this $3000 is evidenced by a cancelled check from Pioneer, Inc. It was accepted by Morgan as payment on the $10,000 due by Muller. Morgan’s own testimony is that he never again asked for any other cash money under the contract. His testimony and the testimony of other witnesses shows that he did continue to secure farm supplies from Pioneer, Inc. to the extent of many thousands of dollars, considerably over the $10,-000 which he claims was due him by Muller.
“This Court finds, as a matter of fact, that plaintiff and defendant did agree that the $10,000 could be paid by the extension of credit by Pioneer, Inc. This Court finds, as a matter of fact, that credit was extended the defendant sufficiently to discharge the $10,000 debt. These findings are made because of defendant’s own testimony as to his actions in regard to the receipt of money and goods from Muller and/or Pioneer, Inc. This Court further accepts the testimony of the witnesses who state that the defendant did admit to them, said admission being against interest, in February of 1965, that he had agreed with plaintiff to accept the $10,000 in farm credit extensions by Pioneer, Inc.”
We are in complete accord with the factual findings as above stated which are thoroughly supported by the record.
Defendant-appellant’s principal specifications of error were directed to the factual issue above discussed. Counsel for defendant argue that the books and accounts of Pioneer, Inc. fail to reflect the allowance of the credit of $7,000.00 in favor of defendant. This argument is without merit and is based upon a technical detail of bookkeeping which does not affect the factual conclusion. The testimony of officers of Pioneer, Inc. reflected the understanding that Morgan was to be allowed credit to the extent of $7,000.00 and the accounts of this company showed that the charges against Morgan’s account far exceeded this figure and represented a running indebtedness ranging from $13,000.00 to $20,000.00.
We have no question as to the correctness of the conclusion that plaintiff has established his compliance with the obligations imposed upon him by the agreement of February 21, 1964, and is entitled to specific performance. This right is clearly granted by R.C.C. Article 1926 which provides:
“On the breach of any obligation to do, or not to do, the obligee is entitled either to damages, or in cases which permit it, to a specific performance of the contract, at his option, or he may require the dissolution of the contract, and in all these cases damages may be given where they have accrued, according to the rules established in the following section.” (Emphasis supplied)
Counsel for defendant alternatively argues that instead of ordering specific performance the judgment should have awarded damages as provided by R.C.C. Articles *98 1930-1934, inclusive. In view of the provision of Article 1926, quoted supra, the option as to a claim for specific performance or damages lies with the obligee, and in the instant case plaintiff has sought judgment for specific performance, which, therefore, was correctly decreed.
On behalf of defendant counsel further contend that defendant was entitled to a dissolution of the sale for non-payment of the price as claimed in his reconventional demand. Under the facts above noted, defendant has failed to establish the alleged non-payment of the price, and, therefore, is not entitled to relief upon this ground.
In connection with the filing of his answer and reconventional demand, defendant tendered and deposited in the Registry of the Court the amount of $3,000.00, together with accrued interest.
The judgment appealed from ordered defendant to transfer and deliver to plaintiff 97 shares of stock in Shiloh, Inc., upon the deposit by plaintiff in the Registry of the Court of the sum of $7,000.00, and decreed that upon deposit of the amount set forth plaintiff should be recognized as the owner of an undivided one-half interest in Shiloh, Inc. The judgment further provided withdrawal of the amount tendered by defendant and deposited in the Registry of the Court.
The reason for the provision of the judgment requiring plaintiff to deposit the sum of $7,000.00 in the Registry of the Court, as explained by the district judge in his written opinion, was based upon the fact that the extension of credit in the principal sum of $7,000.00, to which defendant had agreed, was not shown on the hooks of Pioneer, Inc., which legal entity was not before the court in this litigation. The district judge, therefore, properly and quite correctly considered that he had no power to order the allowance of the credit by Pioneer, Inc. However, noting that plaintiff had tendered and continued to offer the amount of $7,000.00 in cash to the defendant, the judge incorporated in the judgment the requirement for the deposit.
On this point defendant complains that in addition to requiring deposit of the principal sum of $7,000.00, interest thereon at the legal rate should have been allowed from date of March 11, 1964. We think this claim is justified with the exception of a minor error in the date with respect to the beginning of the allowance of interest.
For the reasons assigned the judgment appealed from is amended to the extent of requiring payment of interest upon the amount of $7,000.00 ordered to be deposited in the Registry of the Court by plaintiff at the legal rate of 5% per annum from date of March 13, 1964, and, as amended, the judgment appealed from is affirmed at appellant’s cost.